UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAMELA J. HOOPER,

                        Plaintiff,

            v.                                              5:08-CV-0603
                                                                (NAM/GHL)

COUNTY OF ONONDAGA DISTRICT ATTORNEY,

                        Defendant.

APPEARANCES

PAMELA J. HOOPER
Plaintiff *pro se*
252 Grant Blvd. #4
Syracuse, New York 13206

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

      The Complaint is quite difficult to interpret. Plaintiff used the form complaint for an action under the Age Discrimination in Employment Act ("ADEA"). By checking various boxes and filling in blanks on the form, she alleges that Defendant failed to employ her, terminated her employment, failed to promote her, imposed unequal terms and conditions of employment, reduced her wages, retaliated against her and committed other acts of "false indictments, entrapment of (B) and he engaged in other criminal activities to purpose & recklessly injure, deaths involved." (Dkt. No. 1 at 2.) In a handwritten 14-page attachment, Plaintiff appears to allege that she and her children were the victims of an elaborate conspiracy between county employees. The employees allegedly hired Plaintiff, fired her, subjected her and her family to surveillance by aircraft, murdered various people, bugged Plaintiff's phone, rendered

her son deaf, falsely arrested either Plaintiff or someone in her family, and falsely accused her of being mentally ill.

Plaintiff filed a similar complaint in this court in 2004, which was *sua sponte* dismissed as frivolous with leave to amend. Plaintiff did not amend her complaint and the case was dismissed. *Hooper v. Tyann*, Case No. 5:04-CV-0599 (NAM/GHL).

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's action is frivolous and fails to state a claim for age discrimination. The Supreme

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

Court has held that, under the notice system of pleading established by the Federal Rules of Civil Procedure, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Under Rule 8(a)(2), the pleading requirement is satisfied by "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz*, 534 U.S. at 512. Plaintiff's Complaint does not satisfy this standard. It is neither short nor plain nor designed to give Defendant fair notice of Plaintiff's claims.

Moreover, the face of the Complaint conclusively demonstrates that Plaintiff will not, at a later stage in the litigation, be able to establish a prima facie case. "A prima facie case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). The "protected class" for ADEA purposes is "individuals who are at least 40 years of age." 29 U.S.C. § 631(a) (1999). The Complaint states that Plaintiff was 32 when the alleged discriminatory acts occurred. (Dkt. No. 1 at ¶ 8(b).) Plaintiff is therefore not a member of a protected class.

In addition to the problems noted above, to the extent that the Complaint alleges that Defendant wrongly prosecuted Plaintiff or a member of her family, Defendant is immune. "[P]rosecutors are absolutely immune from liability" in matters involving the prosecution of or the failure to prosecute individuals. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1995) (prosecutor protected by

absolute immunity in suit challenging failure to prosecute).

Plaintiff's Complaint, in addition to failing to state a claim under the ADEA and naming a Defendant who is at least partially immune, does not state a claim for any other violation of Plaintiff's constitutional or statutory rights. Therefore, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and should be dismissed pursuant to 28 U.S.C. § 1915(e).

Should Plaintiff claim that this action should not be dismissed, she is directed to file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Any amended Complaint, **which shall supersede and replace in its entirety Plaintiff's original Complaint**, must allege claims of misconduct or wrongdoing against the Defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in forma pauperis* application is granted;[3] and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed for failure to state a claim; and it is further

**RECOMMENDED**, that Plaintiff may file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation, and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended Complaint, the Clerk shall enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation, and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended Complaint, the file in this

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

Case 5:08-cv-00603-NAM-GHL   Document 4   Filed 06/18/08   Page 5 of 5

matter be returned to the Court for further review, and it is further

**ORDERED**, that the Clerk serve a copy of this Order and Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 18, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge